UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS LOPEZ DIAZ,

                        Plaintiff,

      -v.-

DOLLAR N DISCOUNT LLC d/b/a Real
Deal Dollar & Discount, and HASSAN
SIDDIQUE,

                        Defendants.
------------------------------------------------------------------X

Case No. 22-CV-6139

**COMPLAINT**

      Plaintiff, Louis Lopez Diaz, by and through his undersigned attorney, Arthur H. Forman, hereby filing this Complaint against defendants Dollar N Discount LLC d/b/a Real Deal Dollar & Discount ("Dollar"), and Hassan Siddique ("Siddique" and collectively with Dollar, the "Defendants") states as follows:

## NATURE OF THE ACTION

      1.    Plaintiff alleges that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq*. ("FLSA"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

      2.    Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367 (a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiff was employed by the Defendants in this district.

**THE PARTIES**

*Plaintiff*

5. Plaintiff, Louis Lopez Diaz is an adult individual residing in Kings County, New York.

*Defendants*

6. Upon information and belief, Dollar is a domestic limited liability company organized and existing pursuant to the laws of the State of New York, having its principal place of business located at 59 John Street, New York, New York 10038 (the, "Manhattan Store"), and a second place of business located at 926 Granville Payne Avenue, Brooklyn, NY 11207 (the, "Brooklyn Store").

7. Defendant Siddique is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

8. Defendant Siddique is sued individually in his capacity as owner, officer and/or agent of Dollar.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

9. At all relevant times, Defendants owned, operated, or controlled two discount retail stores selling kitchen, bath, bedroom and other household items.

10. Defendant Siddique possesses or possessed operational control over Dollar, an ownership interest in Dollar and/or controls or controlled significant functions of Dollar.

11. At all times relevant herein, Defendant Siddique possessed substantial control over working conditions at Dollar, and over the policies and practices with respect to the employment and compensation of Plaintiff.

12. Defendant Siddique determines or determined the wages and compensation of the employees of Dollar, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

13. At all relevant times, Defendant Siddique was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

14. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. 201 *et seq*. and the New York Labor Law.

15. In each year from 2018 to present, Dollar had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

16. In addition, at all times relevant, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, many of the household goods sold by Defendants were purchased from companies located outside of the State of New York.

17. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

*Plaintiff*

18. Plaintiff is, and at all times relevant herein was, employed by the Defendants as a stock worker. His typical duties included unpacking merchandise, stocking shelves and ordering from vendors.

19. Plaintiff had been employed by the Defendants from on or about January 2013 until July 13, 2021.

20. Plaintiff regularly handled goods in interstate commerce, such as household goods manufactured outside the State of New York.

21. Plaintiff's work duties required neither discretion nor independent judgment.

22. Throughout his employment with Defendants, Plaintiff was sometimes paid in cash, and at other times, part cash and part check, or just by check.

23. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week. He was usually paid the New York minimum wage rate for each hour he worked. However, he was always paid at the same hourly rate for each hour he worked, including those hours over forty per week, until approximately January 1, 2021. Afterwards, Defendants have paid plaintiff one and one-half the New York minimum wage for each hour he worked over forty per week. Therefore, Plaintiff does not claim to be owed unpaid wages subsequent to January 1, 2021.

24. For the entire time Plaintiff worked for Defendants, he recorded the time he started and ended each day he worked on Defendants' computer system. Upon information and belief, Defendants have a record of the precise days and exact hours Plaintiff worked.

25. Throughout his employment with Defendants, Plaintiff would take a 30-minute meal break. Each day he worked, Plaintiff would record the time he spent eating, usually 30 minutes, and Defendants deducted 30 minutes per day from Plaintiff's wages.

26. Until on or about and approximately February, 2020, Plaintiff worked for Defendants at the Manhattan Store. He typically worked 60 hours per week, from Monday to Friday, 9:00am to 8:00pm and on Saturdays from 10:00am to 6:00pm, with ½ hour unpaid lunch each day he worked. Plaintiff was paid a combination of cash and check at the minimum wage rate, for all hours he worked, including those hours over 40 each week.

27. For all of 2016, Defendants paid Plaintiff $9.00 per hour. For all of 2017, Defendants paid Plaintiff $11.00 per hour. For all of 2018, Defendants paid Plaintiff $13.00 per hour. From January 2019 to approximately February, 2020, Defendants paid Plaintiff $15.00 per hour.

28. From on or about February 2020 to the present, Plaintiff has worked, and continues to work for Defendants at the Brooklyn Store. His schedule there has changed from week to week. But he typically worked six days per week, a total of 53 hours, with one-half hour break each day, and was usually paid for fifty hours per week. From approximately February 2020 until on or about January 1, 2021, Defendants paid Plaintiff $15.00 per hour in cash for all hours he worked, including those hours in excess of forty per week. Beginning in 2021, and continuing to Plaintiff's last day of work, Defendants have paid plaintiff $22.50 for each hour he worked over 40 per week.

*Defendants' General Employment Practices*

29. As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

30. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NYLL.

31. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

32. Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

33. Defendants failed to provide Plaintiff with wage statements at the time of his payment of wages, containing the actual number of regular hours worked, and the actual number of overtime hours worked, as required by NYLL §195(3).

34. Defendants failed to provide Plaintiff at the time of hiring, and whenever his rate of pay changed, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### FIRST CAUSE OF ACTION

*Violation of the Overtime Provisions of the FLSA*

35. Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

36. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

37. Plaintiff was damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

*Violation of the Overtime Provisions of the New York Labor Law*

38. Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

39. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

40. Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

*Violation of the New York Spread of Hours Provision*

41. Plaintiff regularly worked a shift of more than ten hours.

42. Defendants willfully and intentionally failed to compensate Plaintiff an additional one hour's pay at the basic New York minimum hourly wage rate for each day in which the

spread of hours worked exceeded 10 hours, as required under 12 NYCRR § 142-2.4, which regulations was duly promulgated pursuant to N.Y. Labor Law § 21 (ii).

43. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, along with liquidated damages, and attorneys' fees pursuant to N.Y. Lab. Law § 663.

### FOURTH CAUSE OF ACTION

*Violation of the Notice Requirement  
of the New York Labor Law*

44. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

45. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

*Violation of the Wage Statement Provisions of the New York Labor Law*

46. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing the actual number of regular hours worked, and the actual number of overtime hours worked, as required by NYLL 195 (3).

47. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a.  Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

b.  Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, and wages;

c.  Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

d.  Awarding Plaintiff damages for the amount of unpaid overtime wages under the FLSA;

e.  Awarding liquidated damages for the amount equal to 100% of his damages for the amount of unpaid overtime wages under the FLSA pursuant to 29 U.S.C. §216(b);

f.  Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff;

g.  Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, and wages;

h.  Declaring that Defendants' violations of the New York Labor Law were willful;

i.  Awarding Plaintiff damages for the amount of unpaid overtime wages under the NYLL;

j.  Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b,) and 198 (1-d);

k   An award under the New York Labor Law for unpaid spread of hours pay;

l	Awarding Plaintiff liquidated damages for the amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed, pursuant to NYLL §§ 198(1-a) and 663;

m.	Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n.	Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o.	Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated:   July 19, 2022
         Forest Hills, New York

                                                                    /S/
                                                        ARTHUR H. FORMAN
                                                        98-20 Metropolitan Avenue
                                                        Forest Hills, New York 11375
                                                        (718) 268-2616

                                                        *Attorney for Plaintiff*